UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR RAMIREZ FERNANDEZ,<br><br>Defendant. | No. 1:10-cr-00071-DAD-DLB-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. Nos. 134, 140) |

On October 13, 2015, defendant Salvador Ramirez Fernandez filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the United States Sentencing Guidelines (USSG). The amendment in question revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. (Doc. No. 134.) Here, the government has opposed the motion on the basis that, since the drug quantity involved in defendant's count of conviction was over 20 kilograms, the same offense level and the same sentencing range would continue to apply in his case. (Doc. No. 137.) On December 8, 2015, defendant filed a motion to expedite the adjudication of the motion for reduction of sentence. (Doc. No. 140.) For the following reasons, the court denies defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). Consequently, the motion to expedite the adjudication of the motion for reduction of sentence is rendered moot.

1

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the amount of methamphetamine involved was determined to be 20.29 kilograms with 96.1% purity.  Accordingly, the amount of actual methamphetamine involved in defendant's count of conviction far exceeded 4.5 kilograms.  Pursuant to the Drug Quantity Table in Section 2D1.1(c)(1), the sentencing court originally applied a base offense level of 38.  Under the amended Drug Quantity Table of Section 2D1.1, the base offense level for an offense involving more than 4.5 kilograms of actual methamphetamine remains 38.  Applying the same two-level reduction for specific offense characteristics and three-level reduction for acceptance of responsibility, defendant's total adjusted offense level remains 33.  At the established criminal history category of I, defendant's sentencing range remains 135 to 168 months in prison and has not changed as a result of , far in excess of 4.5 kilograms.  Because the pertinent amendment does not result in the calculation of a different sentencing range, the defendant is not eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c).  *United States v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]")

For all of these reasons:

1) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 134) is DENIED;

2) Defendant's motion to expedite the adjudication of the motion for reduction of sentence (Doc. No. 140) is denied as MOOT; and

3) The Clerk of the Court is DIRECTED to TERMINATE the defendant and CLOSE THE CASE.

IT IS SO ORDERED.

Dated:   **January 25, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE